## Marshall's Administrator v. Marshall.

(Decided November 20, 1913).

### Appeal from Green Circuit Court.

Trusts.—The owner of a note had the cashier of a bank to endorse on it the following: "I hereby assign this note to my son W. J. Marshall, to be given him at my death, reserving ownership and control of same to myself, until that time" attached her signature to it and left it in the bank. The note remained in the bank until the death of the owner and her son, W. J. Marshall, when it was delivered by the bank to the attorney of his administrator.

In an action to determine the ownership of the note the lower court correctly adjudged that it was the property of W. J. Marshall to whom the appraisers set it apart in lieu of other property not on hand.

2. Trusts—Parol Trusts.—It is well settled in this state that trusts can be created in personal property by parol and be sustained by parol evidence.

WILLIAMS & HANDLEY and JONES & GRAHAM for appellant.

JEFF HENRY, J. H. GRAHAM for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The appellee, Ann Marshall, brought this suit on a note against S. A. Anderson. He answered admitting the note, but set forth that the administrator of Martha Ann Marshall, and the children and heirs of Martha Ann Marshall were setting up some claim to it, and asked that they be made parties, and assert their claim, and that the court determine to whom the note belonged, and that a judgment be rendered against him in favor of the party who was entitled to collect it, for his protection.

C. C. Howard, administrator, of Martha Ann Marshall, claimed it, and Mattie B. Kirkpatrick, one of the children, or grandchildren of Martha Ann Marshall filed a pleading claiming one-ninth interest.

It appears that the plaintiff became the possessor of the note, and claimed to own it under the following circumstances. Martha Ann Marshall was the owner of this note of $400.00 on S. A. Anderson, and she went to the Greensburg Deposit bank, with which it seems she transacted her business, and had B. W. Penick, Cashier of the bank, to write an endorsement on it as follows: "I hereby assign this note to my son W. J. Marshall, to be given him at my death, reserving ownership and control of same, to myself, until that time", to which endorsement Martha A. Marshall attached her signature. The note with the endorsement on it was then placed in an envelope with the following endorsement: "Note of Mrs. Martha Marshall on S. A. Anderson to be delivered to W. J. Marshall in case of the death of the said Mrs. Martha Marshall." This endorsement was also dictated by Martha Marshall.

Some time after this W. J. Marshall died. The note remained in the bank so deposited until the death of Martha A. Marshall. The bank delivered this note to Jeff Henry, the attorney for the administrator of W. J.

Marshall, who with the appraisers of W. J. Marshall's estate set it apart to the widow of W. J. Marshall in lieu of other property not on hand who accepted it, and who is now the owner of same, and the trial court so adjudged; and the administrator of Martha Ann Marshall's estate, and Mattie B. Kirkpatrick have appealed.

Appellee's counsel concedes that it was not a gift of this note inter vivos. Such a gift must go into immediate effect, and no future control over same must be retained by the donor, but contends that the transaction of Martha A. Marshall created a trust estate in the note for the benefit of her son, and that the trust once created could not be subsequently extinguished, or revoked by her. It is well settled in this state that trusts can be created in personal property by parol, and be sustained by parol evidence. See Berry v. Norris, 1 Duval, 303. In the case of Barkley, &c. v. Lanes' Exr., &c., 6 Bush, 587, Lane made an endorsement on a note, but failed to sign it, as follows:

"In my own handwrite I give, free of all charges, the within note of one thousand dollars, interest excepted, to Elizabeth Lane and Ann Barkley, my two daughters, equally, if not paid before my death. I mean by interest excepted, I claim the—especially. If neither principal— is paid before my death, the principal to them and the interest to my estate, for purpose best known to myself. Also a note on G. Spratt of one thousand dollars, to them equally, if not paid before my death."

The court in discussing that matter said:

"The memorandum on the note of Whaley, though in the handwriting of W. N. Lane, was not signed, and could not in any sense be regarded as a testamentary paper; nor was the transaction such as to constitute a gift of causa mortis; nor even a gift inter vivos, according to the rules of law determining the validity of such transfers of property, unless the peculiar facts of the case exempted it from the general rule making a delivery of the thing given essential to the validity of the gift. But it is insisted for the appellants that the facts were sufficient to constitute a parol trust, enforcible in a court of equity. As the subject of the trust sought to be established in this case was personal estate only, no writing was necessary to transfer it, and the trust could have been created in parol and proved by parol evidence. (Hill on Trustees, 55; Lewin on Trusts and Trustees, 56). Nor was it essential to the validity of the trust that a trustee be formally appointed, as the owner of prop-

erty may convert himself into a trustee and hold it for the benefit of another without transmitting the possession.''

In the case at bar the memorandum on the note is signed by Martha A. Marshall. In the case cited the owner of the note held same in his possession with the right to collect the interest, and that the interest was to go to his estate, and he was held to have converted himself into a trustee. In this case Martha A. Marshall created the Greensburg Deposit Bank as trustee as is clearly shown by the evidence in this case, and by the endorsement on the envelope in which it was deposited.

S. A. Anderson, the maker of the note, testified that Martha A. Marshall told him that she had assigned the note in question to her son, W. J. Marshall, and that she requested him (Anderson) not to mention the matter to W. J. Marshall as she wanted to keep it a secret from him. It was not necessary for W. J. Marshall to be apprised of it to make the trust valid for his benefit. See cases of Krankels Extx. v. Krankel, By., &c., 104 Ky., 745; Williamson v. Yager, &c., 91 Ky., 282, and Roche, &c. v. George's Exr., 93 Ky., 609. In the last named case the testator before his death said to his physician that there was a certain note on his brother-in-law among his papers, then in the State of New York, that he wanted his son to collect the note, and pay it to the testator's sister for her individual use and benefit, and the court in that case said:

"It is manifest that this was neither a gift causa mortis or a gift inter vivos and the question is, did he appoint his son Joseph a trustee without transmitting the possession of the note to him and thereby create a trust empowering him to collect the note for the separate use of testators' sister. We think he did. * * * The trust was created and this note, or its proceeds, should be secured to the separate use of Mrs. Roche.''

In the case of Krankel's Extx. v. Krankel, by &c., 104 Ky., 745, the court said:

"The general doctrine is well settled that a completed parol voluntary trust is enforceable, the donor need not use any technical words or language in express terms creating or declaring the trust, but must employ language which shows unequivocally an intention on his part to create or declare a trust in himself for the donee.''

In the case at bar there is no doubt under the proof that Mrs. Martha A. Marshall unequivocally declared the trust for the benefit of W. J. Marshall. The meaning

of all that occurred was that he was to have the note, she reserving the ownership and control of the note during her life for the purpose of collecting the interest only.

The judgment of the lower court is therefore affirmed.