[Civil No. 1451.   Filed June 28, 1915.]

[149 Pac. 747.]

MARY M. O'BRIEN, Appellant, v. BANK OF DOUGLAS, Administrator of the Estate of JOHN McLEVY, Deceased, Appellee.

1. TRUSTS—TRUST IN PERSONALTY BY PAROL—RIGHT OF REVOCATION.— Where, during his last illness, and shortly before his death, defendant's intestate, who owed a large sum of money to plaintiff, indorsed a number of postoffice department warrants and money orders to her order, put them into an envelope, which by his direction was sealed and addressed to her, and delivered it to H., with instructions to send them to the plaintiff "if he died," there was a valid parol trust in personalty, enforceable by the plaintiff against the defendant, into whose hands the property had come upon H.'s death, and who had been appointed administrator, since no technical expressions are necessary to create a trust, it being sufficient if the settler indicates an intention to create, pointing out with reasonable certainty the subject matter, the beneficiaries, and the purpose of the trust, the words "trust" and "trustee," or any set form of words, being unnecessary, the declaration not being required to be in writing, and the fact that the settler might have revoked the

settlement had he lived not being sufficient to defeat it, since the retention of power to revoke does not make the transaction any the less a trust.

2. TRUSTS—PAROL TRUST IN PERSONALTY—ACCEPTANCE.—It is not necessary to the validity of a parol trust in personalty that the beneficiary should accept the terms of the trust, or even have knowledge thereof.

[As to creation of trust in personalty by parol, see note in 51 Am. St. Rep. 390.]

3. TRUSTS—PAROL TRUST IN PERSONALTY—DEATH OF TRUSTEE.—Where one about to die placed money orders indorsed to plaintiff in an envelope, which he sealed and gave to H., with directions that it be given to plaintiff if the donor died, the parol trust in personalty thus created was not caused to fail by the death of H., the trustee.

4. TRUSTS—PAROL TRUST IN PERSONALITY—"PASSIVE TRUST."—Where one about to die indorsed money orders to plaintiff's order, sealed them in an envelope, and gave it to one H., with directions that he give it to plaintiff if the donor died, the parol trust thus created was not an active, but a "passive, trust," since the trustee was a mere custodian of the property, with no duty other than to find the beneficiary and deliver the orders to her.

APPEAL from a judgment of the Superior Court of the County of Cochise. A. C. Lockwood, Judge. Reversed and cause remanded, with directions.

Mr. O. Gibson, for Appellant.

Messrs. Cass & Sames, for Appellee.

ROSS, C. J.—John McLevy in his last illness, and just before he died, on January 18, 1913, at Douglas, Arizona, made disposition of certain postoffice department warrants and money orders amounting to $1,300 as follows: He indorsed all the orders and warrants to Mary M. O'Brien, the appellant; caused them to be put into an envelope, which was by his direction sealed and addressed to "Mrs. Mary M. O'Brien, Kansas City, Mo.," and delivered into the possession of Dr. O. O. Hammill, of Douglas, with instructions to Hammill to send them to Mrs. O'Brien "if he died." At the time this was done he told A. T. Kleinschmidt that he had owed Mrs. O'Brien a large sum for a long time, and that he wanted her to have this money if he died; that if he lived

he would want to keep it for investments and make more with which to pay Mrs. O'Brien. Dr. Hammill took possession of the envelope with inclosures, and started inquiries to locate and identify Mrs. O'Brien, and about March 6, 1913, he came into possession of facts that satisfied him that he had found the right person. On March 16th he wrote Mrs. O'Brien in part as follows:

"John McLevy told me of having borrowed a sum of money from you some years ago, and he always had it in mind to repay you in full. . . . He made some provision for you, and when his small estate is settled up you will receive quite a substantial amount of money which he left, and directed that I could see that you received. Mr. McLevy just previous to his death asked me to do this for him. . . . This was his dying request to me that I locate you and follow out his wishes. . . . "

The appellee, Bank of Douglas, was appointed administrator of McLevy's estate. Whether the warrants and money orders were voluntarily turned over to the administrator or by order of the court is not definitely shown by the record. Hammill died before the trial.

The appellant, as plaintiff, instituted an action of replevin, alleging absolute ownership of money orders and warrants, demand and wrongful detention. Appellee answered, denying all the allegations of the complaint. Upon the facts above set forth the court entered judgment against appellant, from which this appeal is taken.

The trial court took the view that the transaction was an attempted *donatio mortis causa*, and that it failed for a lack of execution, in that the warrants and money orders were not delivered or to be delivered until after McLevy died, that the donee had not accepted the gift, and that Hammill's agency died with McLevy, the donor, and that therefore the property remained a part of the estate of McLevy. We do not think the transaction was intended either as a gift *inter vivos* or *causa mortis*, and therefore the principles applied to such cases are inapplicable. We think the elements of a parol express trust are present in which McLevy was the trustor, Hammill the trustee, O'Brien the *cestui que trust*, and the subject of the trust was the warrants and the money orders. "No technical expressions are needed for the cre-

ation of an express trust. It is sufficient if the settler indicates an intention to create a trust, and points out with reasonable certainty: (a) The trust property; (b) the beneficiaries; and (c) the purpose of the trust." Underhill's Law of Trusts and Trustees, p. 14. The words "trust" and "trustee" are not necessary to create a trust. No set form of words are necessary. *Taber* v. *Bailey,* 22 Cal. App. 617, 135 Pac. 975. The declaration of trust in personalty is not required to be in writing under the common law, and there is no statute in this state requiring it. See note to *Howard* v. *Marshall,* 156 Ky. 20, 51 L. R. A. (N. S.) 1208, 160 S. W. 775; *Witherington* v. *Herring,* 140 N. C. 495, 6 Ann. Cas. 188, 53 S. E. 303.

The fact that, if McLevy had lived, he might have revoked the trust, is not sufficient to defeat it. Trusts often may be defeated by actual revocation, but the retention of power to revoke, does not make the transaction any the less a trust. As was said in *Stone* v. *Hackett,* 12 Gray (Mass.), 227: "A power of revocation is perfectly consistent with the creation of a valid trust. It does not in any degree affect the legal title to the property. That passes to the donee and remains vested for the purposes of the trust, notwithstanding the existence of a right to revoke it. If this right is never exercised according to the terms in which it is reserved, as in the case at bar, until after the death of the donor, it can have no effect on the validity of the trusts or the right of the trustee to hold the property."

*Witherington* v. *Herring, supra,* and notes. In the last case the language of the settler was: "Until I give further instructions, hold the sum of $1,000 and what of the first fund that is left, for the support of the child in case of my death, for such a time as it may hold out."

And this was held by the court to create a trust in fund mentioned in favor of the child, and to remove it from the estate of the trustor.

In *Howard* v. *Marshall, supra,* the words used were: "I hereby assign this note to my son, W. J. Marshall, to be given him at my death, reserving ownership and control of same to myself until that time."

The note upon which this language was indorsed was deposited in the bank, where it remained until after the death

of the donor.   The court said: "In this case Martha A. Mar-
shall created the Greensburg Deposit Bank as trustee, as is
clearly shown by the evidence in the case, and by the indorse-
ment on the envelope in which it was deposited."

The indorsement on the envelope was: "Note of Mrs. Mar-
tha Marshall on S. A. Anderson, to be delivered to W. J.
Marshall in case of the death of the said Mrs. Martha Mar-
shall."

In the present case the indorsement of the warrants and
money orders to appellant, the placing them in a sealed en-
velope addressed to her, the appointment of Hammill as the
custodian thereof, with implicit instructions to deliver them
to appellant if the trustor died, and the object of the whole
transaction being to pay in part an honest and long-standing
obligation of over $6,000, warrant and impel the conclusion
that the owner of the property intended to part with his right
and title thereto and to vest it in appellant, and that Ham-
mill was intrusted to execute his will in the matter.   It was
not necessary that the beneficiary should have, by any affirma-
tive act, accepted the terms of the trust or even had knowl-
edge thereof.   This is very well settled law.   We are content
to cite upon this point, *Clark* v. *Callahan,* 105 Md. 600, 66
Atl. 618, as reported in 121 Am. St. Rep. 553, 10 L. R. A.
(N. S.) 616, and the notes thereto.

Before delivering the warrants and money orders to ap-
pellant as had been directed by McLevy, Hammill died.   A
trust will not be permitted to fail for want of trustee, and,
where the trustee named refuses to act or dies, the court will
not hesitate to appoint a trustee.   *Roche* v. *George,* 93 Ky.
609, 20 S. W. 1039; Perry on Trusts and Trustees, sec. 38.

Appellee, as before said, has come into the possession of
the warrants and orders, and, we will assume, by direction
of some order of the court, and, that being true, it sustains
the same relation to the trust as Hammill did in his lifetime.
The duties of the trustee under the terms of the trust were
simple and few.   It is not what is known as an active trust,
but a passive trust.   The trustee was the mere custodian of
the property, with no other duty than to find the beneficiary
and deliver to her the warrants and orders.   The personal·
representative of McLevy has no interest in the property, as

it no longer belongs to the estate of the deceased, but is the property of appellant.

As no question is made as to the character of the action, we assume that any errors in that respect are desired to be waived, and that a decision of the merits of the case, regardless of its form, is sought, and we have proceeded to determine it upon that theory.

The judgment is reversed and cause remanded, with directions that judgment be entered for appellant.

FRANKLIN and CUNNINGHAM, JJ., concur.