STEPHENSON et al., Appellants, v. COMBINATION LEASING & DEVELOPMENT CO. et al., Defendants; CLARK, Sheriff, Intervener and Respondent.

(No. 6,531.)

(Submitted November 25, 1929.   Decided December 30, 1929.)

[283 Pac. 1110.]

*Messrs. Maury, Brown & Maury,* for Appellants, submitted a brief; *Mr. R. Lewis Brown* argued the cause orally.

*Mr. R. E. McHugh* and *Mr. C. S. Wagner,* for Intervener Sam B. Clark, Sheriff, submitted a brief; *Mr. McHugh* argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

This action is in claim and delivery, commenced by plaintiffs on August 7, 1926, to recover a carload of ore or its value, mined from the Consolidated group of mining claims in Granite county and shipped to the defendant Anaconda Copper Mining Company by Sam B. Clark. The case was dismissed as to defendant Northern Pacific Railway Company upon plaintiff's motion. Anaconda Copper Mining Company, by answer,

disclaimed any interest in the proceeds from the ore, and alleged that it had been shipped to its sampling works and found to be of the value of $777.98, and that it would have paid the amount thereof to the shipper except that the money was taken from its possession in this action by the sheriff of Silver Bow county.

C. C. McGrath, M. James and Tony Guglimetti, by leave of court filed their complaint in intervention, claiming an interest in the property involved by virtue of certain executions issued out of the justice court of Granite county and the seizure of the property thereunder by the sheriff of that county. The demurrer of Anaconda Copper Mining Company was sustained, and leave granted the interveners to withdraw their complaint, if they so desired, and to substitute the sheriff of Granite county by a complaint in intervention on his part. Subsequently Sam B. Clark, sheriff of Granite county, claiming an interest in the property, was permitted to intervene, and alleged that his right to intervention arose by reason of the lien he obtained upon the carload of ore through the levy of certain executions issued out of the justice court of Granite county upon judgments against the Combination Leasing & Development Company, and further alleged that, by agreement of the parties in those actions, he shipped the ore.

Plaintiffs' demurrer to the complaint in intervention was overruled, and they answered, denying that intervener had any interest in the subject matters of the action, and alleging that, if he ever had a lien by virtue of the levy of any executions, he had abandoned the same, and set up their ownership of the mining claims from which the ore was taken, and alleged that it was taken against their will and without their consent. Issue was joined by intervener's reply.

The Combination Leasing & Development Company answered, denying the allegations of plaintiffs' complaint, and admitted those of the complaint in intervention. The cause was tried to a jury, which returned a verdict in favor of intervener. A judgment in accordance with the verdict was

duly rendered. Plaintiffs' motion for a new trial was denied, and they appeal from the judgment.

It is contended by plaintiffs that the court erred in overruling their demurrer to the complaint in intervention, and insist that it appears from the allegations thereof that intervener has no interest in the subject matter of the action, or could not in any manner be prejudicially affected as a necessary consequence of its determination without his presence.

Section 9088, Revised Codes 1921, provides: "Any person may, before the trial, intervene in an action or proceeding who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both."

The complaint in intervention alleges the official capacity of intervener, that demurrers were sustained to the complaint in intervention of the judgment plaintiffs in the actions pending in the justice court, and leave granted him to file his complaint, that he has an interest in the subject matter in litigation and in the success of plaintiffs and defendants and an interest against plaintiffs, and elects to join with the defendants and against plaintiffs; denies that plaintiffs are the owners of the property in suit; and, as an affirmative defense, alleges that certain actions were filed in the justice court of Granite county against Combination Leasing & Development Company to recover wages due, owing and unpaid plaintiffs for labor performed by the several plaintiffs in mining ores for that company, that such proceedings were had that judgments were made and entered against the defendant and execution issued thereon, and, upon receipt of the executions, he levied upon the carload of ore in controversy, that, pursuant to agreement between the several plaintiffs and defendant in those actions, he shipped the ore, which was found and determined to be of the value of $777.98, that, in accepting the trust imposed upon him by such agreement, he became the trustee for the parties, and was at the time of the commencement of this action, and now is, lawfully entitled to the proceeds derived from the ore.

Assuming, without deciding, that the sheriff in shipping the carload of ore placed the property out of his custody and control and out of the jurisdiction of the court, abandoned and lost any lien that he acquired by virtue of the levy of the executions, as contended by plaintiffs, it does not follow that the court erred in overruling plaintiffs' demurrer, since it appears from the allegations of the complaint in intervention that, if not acting in his official capacity, he was acting as trustee for the respective parties in the proceedings pending in the justice court.

"The form in which an action is brought is of no consequence; nor does it matter that the complaint contains allegations not appropriate to the purpose sought to be attained. In determining the issue of law presented by a general demurrer to the complaint, * * * matters of form will be disregarded, as well as allegations that are irrelevant or redundant; and if, upon any view, the plaintiff is entitled to relief, the pleading will be sustained." (*Raymond* v. *Blancgrass*, 36 Mont. 449, 15 L. R. A. (n. s.) 976, 93 Pac. 648, 650; *Wheeler & Motter Co.* v. *Moon*, 49 Mont. 307, 141 Pac. 665; *Samuell* v. *Moore Merc. Co.*, 62 Mont. 232, 204 Pac. 376.)

It is uniformly held that a trust concerning personal property may be created by parol (*Mantle* v. *White*, 47 Mont. 234, 132 Pac. 22; *Marshall's Admr.* v. *Marshall*, 156 Ky. 20, 51 L. R. A. (n. s.) 1208, and note, 160 S. W. 775; *Barnes* v. *Barnes*, 282 Ill. 593, 4 A. L. R. 4, 118 N. E. 1004), and, as to the trustee, it is created by any words or acts of his indicating, with reasonable certainty, his acceptance of the trust (sec. 7885, Rev. Codes 1921). We think the allegations are sufficient to show the creation of the trust and the acceptance thereof by the intervener. Upon the creation of the trust the legal title to the property vested in the trustee. (*State* v. *Wallin*, 60 Mont. 332, 199 Pac. 285.)

The court did not err in overruling plaintiffs' demurrer to the complaint in intervention.

It is next contended by plaintiffs that the testimony conclusively shows that they were entitled to the possession of the

ore on the date their complaint was filed, and that the court erred in entering judgment for the intervener.

Briefly stated, the facts underlying the controversy as it affects title to the Combination group of mining claims, are these: Charles D. McLure died testate on May 20, 1918, and thereafter William McLure and Clara McLure Jones (then unmarried) were appointed executor and executrix of the estate. At the time of the death of the elder McLure, title to the mining claims stood in the name of William; thereafter by deed he conveyed them to Clara McLure Jones, in trust for the use and benefit of all the heirs of Charles D. McLure. During the administration of the estate, there was filed by the executor and executrix a supplemental inventory which recites that "we, Clara McLure Jones, executrix, and William R. McLure, executor under the last will and testament of the above named Charles D. McLure, deceased, do hereby submit to the court a supplemental inventory and in that regard your executor and executrix further beg to report that on and prior to the —— day of —— 1917, the testator Charles D. McLure, deceased, owned about ninety-five (95%) per cent. of the mining claims and property mentioned and described in 'Exhibit A' hereto attached, as a part hereof. That a judgment was duly given and made in a certain cause then pending in the District Court of the Third Judicial District of the State of Montana, in and for the county of Granite involving the title to [sic], wherein and whereby the said properties mentioned in 'Exhibit A' were sold at receiver's sale, and the same were bought in by William R. McLure, now executor herein and the record title thereof was made to him by deed by said receiver, who in good faith claimed the same and all thereof as his own. That thereafter the said William R. McLure deeded and conveyed said property to Clara McLure Jones, executrix herein in trust, however, for the use and benefit of all the heirs of the said testator, Charles D. McLure, and that she is now vested with legal title to the same. That some question has arisen relative to the beneficial ownership of said property which the executor and executrix herein

wish to dispose of to the best interests of the said heirs and the creditors of said estate. On account of the present financial condition of the said estate, on account of the interests of the heirs being one and identical with that of the creditors, and on account of it being the wish, purpose and desire of all of said heirs to build up and add to the assets and value of the estate, the executor and executrix herein consent and agree that the said property and all thereof shall be and become a part of and belong to the said estate." Exhibit "A" contained a description of the Combination group of claims. The instrument is signed only by "Clara McLure Jones, Executrix," and was filed in the probate proceedings, and the property was subsequently treated as a part of the assets of the estate.

.None of the debts of the estate having been paid, and costs of administration having accumulated, on March 27, 1924, certain creditors petitioned the court for an order of sale of all property of the estate in satisfaction of their debts. Acting upon the petition, the court made its order directing the sale of the property of the estate at public auction, and the sale was had on July 1, 1925, at which plaintiff Stephenson, as trustee for Maury and Murray, was the highest bidder. The then administrator made return of the sale, but represented to the court that the bid was disproportionate to the value of the property sold, and prayed that the sale be not confirmed. The bidder filed a petition praying that the sale be confirmed; after hearing, the court refused to confirm the sale. An appeal from that order was taken to this court, and the order reversed and the cause remanded, with direction to the district court to confirm the sale. (*In re McLure's Estate*, 76 Mont. 476, 248 Pac. 362.) Pursuant to such direction, the sale was confirmed, and the administrator executed his deed conveying all the right, title and interest and estate of decedent in and to the mining claims to plaintiff Stephenson, and the purchase price was paid to the administrator.

Pending the appeal from the order refusing confirmation of the sale, the then administrator leased the mining claims

to defendant Combination Leasing & Development Company, and it likewise, on account of the controverted title, procured a lease from Mrs. Jones. For a time at least, royalties accruing under the lease were paid to the administrator. Prior to the confirmation of sale, Clara McLure Jones commenced an action in the United States district court for the district of Montana against the plaintiffs here to quiet title to the mining claims in question. Thereafter, and on August 2, 1927, a decree in favor of the plaintiff in that cause was entered decreeing "that the said title of plaintiff to said property be, and the same is hereby quieted in plaintiff as against the defendants, and each of them, and plaintiff's right to the possession of the said property and all thereof as against the defendants is hereby assured; that the defendants and each of them are hereby decreed to have no estate in the said property. * * * " The decree was affirmed by the circuit court of appeals. (*Maury* v. *Jones,* 25 Fed. (2d) 412, 414.)

The ore in controversy was mined from the Consolidated group of mining claims by defendant Combination Leasing & Development Company and loaded in a car for transportation to the smelter, but, before shipment of the same, executions in the actions filed against the mining company in the justice court were placed in the hands of the sheriff. By agreement between the plaintiffs and defendant in those actions, the ore was shipped to the smelter by the sheriff, and, before the value thereof was determined and transmitted to him, this action was instituted and the money delivered to the sheriff of Silver Bow county.

Since claim and delivery is strictly a possessory action, it lies only in behalf of one entitled to possession. (34 Cyc. 1386.) It is elementary that plaintiff in such cases must recover upon the strength of his own title or right to possession, and not upon the weakness of title in his adversary. (*Gallick* v. *Bordeaux,* 31 Mont. 328, 78 Pac. 583; 34 Cyc. 1385.) The burden was upon plaintiffs to prove by a preponderance of the evidence that they were entitled to the possession of the property at the time of the commencement of the action.

(*Averill Machine Co.* v. *Freebury Bros.*, 59 Mont. 594, 198 Pac. 130; 34 Cyc. 1500.)

Plaintiffs assert title to the mining claims and the right to the possession of the ore in controversy under the administrator's deed referred to above. The question is thus presented: Did the administrator's deed convey title to plaintiffs? This question was squarely before the court in *Maury* v. *Jones*, supra, and the circuit court of appeals, in disposing of the matter, said: "That being true, it follows that when, on January 31, 1921, she signed the so-called supplementary inventory, plaintiff held the property as the trustee of an express trust. Her testimony that the delivery of the instrument to the probate court was unauthorized finds corroboration not only in the testimony of the attorney in whose keeping it was left, but in its form and the absence of William's signature. However that may be, for other reasons we are of the opinion that it was wholly ineffective as a conveyance. It purports to be the act, not of the owner of the property, but of the executor and executrix of the estate, who, if the instrument was to operate as a grant, would have the status of grantees rather than grantors; and it was signed by only one of the two who must act jointly. But aside from that consideration, even if we should ignore the capacity in which, by the express terms of the instrument, she acted in executing it, and assume she intended to execute it as trustee, it must be held to be void for want of power. Upon that hypothesis it was wholly without consideration. She was in the exercise of two distinct trusts, and she could not enrich one by impoverishing the other. She had no more authority to donate the property to the estate than she would have had to give it to a stranger. And, for like reasons, the instrument could not operate as an estoppel, or be deemed to establish the kindred defense of laches. Purchasers were bound to take notice of the deed under which she deraigned title and of the form and the recitals of the instrument upon the face of which it appeared not to be her act as trustee, and to be without consideration

to her as trustee. The record was a plain *caveat* to any one choosing to deal with the property as a part of the estate.''

Since title to the property did not pass by the supplemental inventory, it follows that the attempted conveyance by the administrator of the estate of Charles D. McLure to Stephenson was wholly ineffective and conveyed no title to him, and in consequence plaintiffs were without title to the mining claims and are not entitled to the possession of the ore in controversy.

The conclusion we have reached makes it unnecessary to determine other alleged errors presented by plaintiffs.

For the foregoing reasons the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES MATTHEWS and ANGSTMAN, and HONORABLE C. W. POMEROY, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, concur.

Rehearing denied January 15, 1930.