## FRANK W. KING, JR.,

### *v.*

WILLIAM LOCKE ROCKWELL and JOSEPH M. AVERY, executors of the last will and testament of Laurastine Cotheal Smith, deceased, et al.

[Decided July 29th, 1921.]

1. Where a will specifically provides that if any beneficiary should contest it, the bequest to such person should be revoked; a legatee who has received his legacy and executed his release of all claims against the estate is estopped from attacking the will.

2. A bequest of the residue "to pay same over to such charitable organizations, associations or institutions" as the executors may "deem worthy," giving the executors full discretion in determining the distribution "among worthy charities," is valid as against the contention that the gift may be devoted to purposes which are not charitable.

On bill, &c.

*Mr. Edward F. Merrey,* for the complainant.

*Mr. Edwin G. Adams,* for the defendants.

LEWIS, V. C.

This case was originally submitted to the late Vice-Chancellor Stevens, who died before a decision was rendered. Thereafter an order of re-reference was made to me and counsel have agreed to submit the case on the pleadings and on briefs.

The bill is filed for the purpose of having "declared invalid and void" the seventh paragraph of the last will and testament of Laurastine Cotheal Smith, deceased, which reads as follows:

"*Seventh.* All the rest and residue of my estate. if any there be, after payment of the legacies aforesaid, including any of the said legacies which may have lapsed, I give, devise and bequeath to my executors herein named, or the survivor of them; in trust. nevertheless, to reduce the same to personalty as soon as possible; and to pay the same over to

such charitable organizations, associations or institutions as my said executors may deem worthy; and in such proportions as they may determine; giving my said executors, or the survivor of them, the fullest discretion in the determination of the distribution of the said residue among worthy charities; such distribution to be made in not less than three years after death."

The complainant's contention is, that the gift is not necessarily to charity, inasmuch as, although the executors must designate as beneficiaries, charitable organizations, associations or institutions, pursuant to the directions of the will, still those organizations might, perchance, expend their moneys for purposes which were not charitable.

No other argument is presented against the validity of the provision quoted.

Defendants, on the other hand, rest upon the language of the will and contend that the gift is clearly limited to charitable uses.

Defendants also question the status of complainant to attack the will, in view of his having accepted a legacy under it, and given a general release of all claims which he might have against the estate. The will specifically provides that if any beneficiary under it should, "by any suit or proceeding whatsoever, whether at law or in equity, attempt to nullify, set aside or invalidate, either in whole or in part, this my last will and testament," the bequest to such person should be revoked.

Undoubtedly, had the complainant seen fit to attack the will, or any part of it, prior to the acceptance of his bequest under the will, he would have forfeited his legacy, according to the terms of the will; but having safely received his legacy, and then having executed a release of all claims against the estate, he should be estopped from now attacking the will if he is going to retain that legacy.

I am inclined to the opinion that he has no status, and if counsel for the defendants insists on a decree on the point of the status of the complainant, the court would have to decree that he has no status to now attack the will or any portion of it.

But regardless of this preliminary question, I am clearly of the opinion that the defendants must prevail in this suit; and that the seventh paragraph of the will is a valid disposition of

the residue of the testatrix's estate to charitable uses and should be sustained.

It directs the executors "to pay the same over to such charitable organizations, associations or institutions" as they ."may deem worthy; and in such proportions as they may determine," and giving them full discretion in determining the distribution "among worthy charities."

I do not see how there can be any doubt but that the bequest is limited strictly to "worthy charities." The language of the will is perfectly plain and the testatrix's intention is clear.

Under the adjudged cases in this state and in England the principle is well recognized that "a gift to a charitable use will not fail of effect because the donor has not pointed out the particular beneficiaries to whom he designs his bounty to go, provided he has endowed some person with express or implied power to select such beneficiaries." *Hyde's Executors* v. *Hyde, 64 N. J. Eq. 6; Hilliard* v. *Parker, 76 N. J. Eq. 447; Vineland Trust Co.* v. *Westendorf, 86 N. J. Eq. 343; Thomson's Executors* v. *Norris, 20 N. J. Eq. 489; De Camp* v. *Dobbins, 29 N. J. Eq. 36.*

In the case last cited Chancellor Runyon (at *p. 50* of the report) says: "A gift to a charitable institution or society will be presumed to be a charitable gift, though no purpose is named, and such institution or society will be presumed to hold such gifts in trust for those charitable purposes for which it exists."

See, also, *While* v. *City of Newark, 103 Atl. Rep 1042; Townsend* v. *Carus, 3 Hare 257; Wilkinson* v. *Lindgren, 5 L. R. Ch. App. 570.*

In each of the two cases last cited there was a gift to such charitable societies or institutions as the trustee should see fit, and in each of these cases the gift was held to be a valid charitable bequest.

I will advise a decree in accordance with these views.