### GRAFF et al. v. WALLACE et al.

Court of Appeals of District of Columbia.
Submitted April 5, 1929. Decided May 6, 1929.

Rehearing Denied May 25, 1929.

No. 4769.

Frank Stetson, Walter M. Bastian, Harry S. Barger, and Bruce Baird, all of Washington, D. C., for appellants.

Victor H. Wallace and James M. Proctor, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appeal from a decree of the Supreme Court of the District of Columbia construing the will of one Percy Metzger. The will reads as follows:

"I hereby and herein give all I possess of Real personal and mixed property to a fund to be known as the Percy Metzger Memorial Presbyterian fund for the founding, maintenance and unkeep of such institution. After my debts have been paid, and bequests of five dollars be given to each one of my nephews and nieces as follows William T. Graff, Charles M. Graff, A. Lawson Baxter and Alice Baxter Jones, John P. Fawble, and Virginia Fawble, and Alice Kraft Baroni. I further desire that my property be held intact as an Estate, and known as the Percy Metzger Estate, and that during the life of Ida Richardson, there shall be paid to her every three months 25 per cent. of the net increment of my Estate until such portion reaches $100.00 per month, when the percentage shall cease and $100.00 be the amount to be paid during her life, and ten per cent of said increment shall be paid to Charles M. Graff, and Victor H. Wallace, and A. Lawson Baxter during their respective lives. When these persons above as per centage beneficiaries shall have passed away, then these bequests shall cease and all increment be added to the principal, that this trust fund shall be constituted, of five persons, (individuals or Corporation as may be named by me, namely the National Bank of Washington, of Washington, D. C. who shall administer the Estate, and be allowed three (3) per cent for such administration. Victor H. Wallace, Mrs. Nellie L. Cookly, and Irving D. Cookly of Washington, D. C. & Mr. George O. Walson and that they may constitute themselves a body Corporate for the purpose of carrying into effect my wishes, and if necessary to create a legal body of individuals, appoint another person, that, resignations, death, or inability to serve may be filled by selection election of a majority of the trustees. With this restriction that a majority of the trustees, shall always be chosen from the protestant religion, preferably Presbyterian, exception being especially reserved for the appointment of Nellie L. Coakly, and D. Irving Coakly. It is further stipulated and desired that if by the emergencies and vicissitudes of life either D. Irving Coakly, Nellie L. Coakly, or Grace Coakly their daughter be reduced in circumstances to such extent that they or either of them has not sufficient to support him or her, then an allowance shall be made out of the increment of my estate to make them comfortable in old age or disease, during their natural life, and decent burial afforded to them, this benefit shall also be extended to Mrs. —— Dalton, wife of George A. Dalton, and if the increment to my estate shall not be sufficient to cover such outlays, let what there is be used to the extent of seventy-five per cent of such increment, but it is understood and enjoined upon the trustees that there shall always remain out of the increment 25% per cent which said remainder or more every three months shall be added to the corpus of the estate and not taken away after such addition, the purpose of the testator being to establish and maintain a fund, which from the increment (& not a penny from principal) be used to create establish & maintain a Hospital, for the Care and succor of crippled children, and the sick and injured of persons, of the Caucasian Race resident and Citizens of the District of Columbia, and where unable by reason of adversity in life not occasioned by their own fault such care and succor may be had without cost. The trustees are also authorized to receive and consider, and decide upon applications for special case of children of race above stated for admittance to the Hospital on terms, from places other than the District of Columbia. I hereby and herein appoint the National Bank of Washington, District of Columbia, Victor H. Wallace, Mrs. Nellie L. Coakly, D. Irving Coakly, and Mrs. George D. Watson, of Washington, D. C. trustees of my estate, and enjoin upon them to do this work of the Master, in full hope that it may be said of each one Well done thou good and faithful servant, enter thou into the rest reserved for thee."

The court entered a decree holding the will valid and directing that the cause be "retained by the court for the purpose of affording its guidance and direction of the said trustees in and about the administration of their trust. If and when such guidance and direction shall be required."

The chief and only controversy worthy of consideration is over the provision in the will for the establishment and maintenance of a hospital from the income of the estate. It is urged by counsel for appellant that the charitable trust attempted to be created is inoperative and void because there has not been sufficient fund specifically appropriated to provide for its creation and maintenance. It will be observed, however, that in the first sentence of the will the testator devoted the

income of his entire estate to the establishment and maintenance of charity, limiting it by certain bequests to persons therein named during their respective lives. It follows, therefore, that with the termination of these special bequests by the death of the respective legatees, the income devoted to their support passes into the general fund for the creation and maintenance of the hospital provided for in the will.

■ It is likewise urged that inasmuch as the present value of the estate is not to exceed $75,000, the time when the accumulated income would be sufficient to establish and support the hospital is so remote that the trust thus created should be declared void as against the rule of perpetuities.

We are not impressed with either of these contentions. The estate consists largely of real estate situated in this city, which, with the growth and development of the city, may and most certainly will greatly enhance in value, which furnishes at least a prospective increase in the income from the estate. This, together with the income devoted to the special bequests which will terminate within a few years, may be expected within a reasonable time to accumulate to a point where the trustees will be justified in establishing the hospital.

While the will is inartificially drawn, we think it can be upheld; and the intention of the testator as stated in the provisions expressing his desire to establish a memorial hospital can be so construed as reasonably to admit of execution. The hospital may be established upon a very limited and economical basis with a view to future extension and development as the income will permit, or as gifts or legacies may be left to aid in enlarging and carrying on the charitable work that the testator had in mind.

■ In their effort to defeat the will, and meet any suggestion that the income could be applied to charity in a manner different from that specifically pointed out in the will, counsel for appellants earnestly contend that the cy pres doctrine, as understood and applied in England, is not in force in this District. This contention is conceded by counsel for appellees. We deem it unnecessary, therefore, to consider the question for the reason that the doctrine is not in force in this District, (Dinwiddie v. Metzger, 45 App. D. C. 310; Dumfries v. Abercrombie, 46 Md. 172; Ould v. Washington Hospital for Foundlings, 95 U. S. 303, 24 L. Ed. 450), and for the further reason that if it were in force it would have no application to this case. There is nothing appearing in this record to show that the testator's plan for the establishment and maintenance of a hospital, for the purposes indicated in his will, cannot be carried into effect within a reasonable time.

■ It, however, is intimated by counsel for appellees that if the conditions should at any time require, the equity court would have inherent power to so modify details of the testator's plan for carrying his charitable purpose into execution as to make it practicable and thereby prevent intestacy. Counsel suggest in their brief that: "If a fund bequeathed to maintain a hospital is not sufficient for that purpose, a court of equity may direct that a ward in an existing hospital be supported from the testator's bounty." And the learned justice below, in his opinion, suggested that: "If it should later appear that the income alone should not be sufficient, if accumulated for a reasonable time, to accomplish the purposes of the testator in the particular manner prescribed by him, I think that the court, upon proper proceedings, would have the power to have the same charitable purposes carried out in some more practicable manner."

. The present bequest calls for the establishment of a charitable institution, a hospital bearing the name of the testator; and the creation of a fund is provided from the income of the estate to be expended by the trustees for the care of patients therein. Any diversion of the fund to a use not contemplated by the testator, such as keeping patients in a ward of an established hospital, would constitute an unlawful discharge of the trust, and the application of the fund to a purpose not intended or contemplated by the testator. Such a disposition of the income would prevent the accumulation of a fund for the establishment and maintenance of a hospital, and thereby defeat the chief object the testator had in mind. The provisions of the will are explicit, and the fund created can only be appropriated under the trust to the erection and maintenance of a hospital. The trust is perpetual, and consequently the trustees must erect it on land or in connection with property in which the fee is vested in the trustees. The trustees, for the same reason, would have no authority to enter into an arrangement with an existing hospital whereby the control or management of the estate would be limited by or delegated directly or indirectly to the managing board or officers of such existing hospital, or indeed to any one else.

■ By the terms of the grant this trust is invested in five trustees, with the injunction "that they may constitute themselves a body

corporate for the purpose of carrying into effect my wishes, and if necessary to create a legal body of individuals, appoint another person, that, resignations, death or inability to serve may be filled by selection election of a majority of the trustees, with this restriction that a majority of the trustees shall always be chosen from the Protestant religion, preferably Presbyterian." This, we think, from the perpetual nature of the trust, calls for the organization of the existing trustees into a body corporate with power to perpetuate itself by the selection of its own trustees and officers, and this power, of course, is such that it cannot be delegated directly or indirectly to any other persons or body of persons, either as affecting the conduct of the corporation in the management of the trust or in the selection of the trustees.

The decree is affirmed with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.