11 So.2d 143

**HEITLENGER et al. v. McNALLIS et al.**

6 Div. 73.

Supreme Court of Alabama.

Dec. 22, 1942.

Wm. A. Jacobs, of Birmingham, for appellants.

G. P. Benton, of Fairfield, for appellee.

FOSTER, Justice.

The question here is the proper construction of paragraph 1 of the will of James P. McNallis, deceased. It is as follows: "I will, devise and bequeath unto my brother A. J. McNallis of Chicago, Illinois, my $2000 life insurance with the Metropolitan Life Insurance Company; my $1000 life insurance with the Inter National Brotherhood of Electric Workers, and, $1000 in cash, making a total of $4000. It is my will that this bequest to my said brother shall be a preferred claim against my estate."

There are three other general legacies in paragraphs 2, 3 and 4. The petition to construe the will is filed by some of the general legatees. It invokes the benefits of the Act of July 10, 1940 (see, section 181(1) et seq., of Title 62, Code of 1940).—Ex

parte Kelly, ante, p. 184, 8 So.2d 855. No question is here raised as to the procedure adopted under that statute.

The bequest in paragraph 1 is made a preferred claim against his estate. The particular question is whether that preference is of a general legacy to the extent of $4,000, or of $1,000. The petition alleges that the estate is not sufficient to pay off all the legacies if paragraph 1 makes the $4,000 payable generally in preference to the other legacies.

There are no other facts alleged, and no issue is taken on the allegations of the petition. We assume that the policies of insurance are not of the value of $2,000 and $1,000, respectively. If so, these petitioners would not be interested in contending that as to them the bequest in that respect is specific and not general, as they do contend. Of course, if it is specific as to those items, and there is no evidence of an intention to charge them with the payment of the general legacies, the legatee gets them for what they are worth unburdened by other legacies. That is the contention of petitioners. Whereas the legatee contends that paragraph 1 is all one general legacy of $4,000 (in part technically so, and in part demonstrative, here equal to the same thing), and given preference for that amount out of the general estate over all others.

The trial court construed the will as thus contended by that legatee. There are no other collateral facts or circumstances shown which might aid in the solution of that question.

■ "A demonstrative legacy bears some likeness to a specific legacy in that it is charged upon or its payment directed from a named fund, but it is in fact a type of general legacy, payable from the general estate, in case the specific fund fails. Myers' [Ex'rs] v. Myers, 33 Ala. [85], 89; Walton v. Walton, 7 Johns. Ch., N.Y., 258, 11 Am.Dec. [456], 458 and note; Giddings v. Seward, 16 N.Y. [365], 367." Willis v. Barrow, 218 Ala. 549, 119 So. 678, 680; Kelly v. Richardson, 100 Ala. 584, 13 So. 785; May v. Burns, 222 Ala. 68, 131 So. 232.

■ The law favors a demonstrative or general rather than a specific legacy. This is because a specific legacy may be adempted and thereby be defeated at times leaving the legatee without benefits. Willis v. Barrow, supra.

■ The trial court was influenced by the following thoughts in holding the insurance clause to be a part of a general or demonstrative legacy: (1) Testator "mentions the amount of insurance in each company, but does not give specifically each policy evidencing said insurance and after mentioning the $2,000 in one company, $1,000 in another company, and $1,000 in cash, he ends the sentence with the words 'making a total of $4,000. It is my will that this bequest to my brother shall be a preferred claim against my estate.'" (2) The court also notes that testator "uses the singular, bequest, instead of the plural, indicative of the fact that one general bequest, aggregating $4,000 was contemplated instead of three separate ones."

We agree with this reasoning of the trial judge. His decree is therefore affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.