21 So.2d 825

**HINSON et al. v. SMYER.**

**6 Div. 298.**

Supreme Court of Alabama.

March 29, 1945.

Rehearing Denied May 10, 1945.

Wilkinson & Wilkinson and John W. Lapsley, all of Birmingham, for appellants.

646

Smyer & Smyer, of Birmingham, for appellee.

BROWN, Justice.

This appeal is from a decree of the Probate Court of Jefferson County, sitting In Equity, wherein the administration of the estate is pending, construing in part the will of John R. Irby, deceased, in response to a bill filed by the appellee Smyer, as the executor of said will, against appellants named in the will, with others as residuary legatees thereunder.

Jurisdiction to entertain such proceedings in equity is conferred on said probate court by the Act approved July 10, 1940, carried into Tit. 62 of the Code 1940, as § 181(1). See 1943 Cumulative Pocket Part, Code 1940. The scope of this jurisdiction was dealt with in Ex parte Kelly (Kelly v. Burns), 243 Ala. 184, 8 So.2d 855; and applied in Heitlenger et al. v. McNallis et al., 243 Ala. 560, 11 So.2d 143.

The immediate controversy here arises over the validity of Item 5 of said will, relating to property owned by the testator at the time of his death, known as Shelby Springs, in Shelby County, Alabama, the character of title of the appellee as executor, the scope of his power of appointment conferred by the will, and his right to allocate to the Medical School of the University of Alabama, upon the agreement of the university to accept the gift on the terms of the trust expressed in the will.

The appellants challenge the power of the executor on the ground, to quote from the answer, "That the attempted devise under Item 5 of said will is void, in that no beneficiary was therein designated, with the certainty the law directs and requires; that the charitable use or class to be benefitted is so indefinite as to be incapable of being executed by judicial decree; that the legal title to the real estate therein described did not vest in the executor, nor did such title vest in any of the institutions therein named; that it was a mere attempt on the part of testator to delegate to his executor the power and authority to make the testator's will for him."

The decree denied this contention, confirming the authority of the executor to appoint the beneficiary donee, and to allocate the proceeds from the sale of the property to the Medical School of the Uni-

versity of Alabama. We are of opinion that this decree is sound, and should be affirmed, for the reasons now to be stated.

Said last will and testament set up a common law testamentary trust to be administered by appellee as executor of said will for certain beneficiaries named in the will, limited to not exceeding ten years from the termination of certain life interests, and vested in the executor the title in fee; and, in the particular here involved, the power to appoint or designate "The educational institution or research institution for the purposes of research as to the cause and cure of arthritis."

The executor is charged with active and continuing duties, not susceptible of fulfillment without possession and dominion over the estate. He is to collect the income; pay the testator's debts; consummate and complete the contract in respect to the mausoleum in Elmwood Cemetery and remove the body of testator's wife to said mausoleum when completed; and the will confers on said executor, "Full power and authority to manage my estate with full rights and powers to sell, lease or otherwise dispose of and convey all property owned by me at the time of my death, and to execute such instruments, contracts and other instruments necessary or proper in the management of my estate," and many other powers, which cannot be executed in the absence of the legal title in the donee of said powers. By the terms of the will, he is not only the donee of the power, but is the repository of the legal title of the property constituting the trust estate. Whorton, Ex'r v. Moragne et al., 62 Ala. 201; Anderson, Collector of Internal Revenue, v. Wilson et al., Ex'rs, 289 U.S. 20, 53 S.Ct. 417, 77 L.Ed. 1004; Ross v. Barclay, 18 Pa. 179, 55 Am.Dec. 616; 21 Am. Jur. p. 775, § 701.

The trust created by the will is not a trust in which the ultimate beneficiaries are to be selected. It is a trust for the purpose of research, educational in its scope and purpose, for the benefit of a class designated by the testator in the will. Coffin v. Attorney General, 231 Mass. 579, 121 N.E. 397; Lord v. Miller, 277 Mass. 276, 178 N.E. 649; King v. Rockwell, 93 N.J.Eq. 46, 115 A. 40.

We are not here vexed with questions arising from a failure of the donee of the power of appointment to exercise such power. This controversy arises out of the exercise of the power by the executor of the trust.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.