99 Ariz. 322 (1965)
409 P.2d 31
In the Matter of the ESTATE OF J.N. HARBER, Deceased.
Rex E. STALEY, E.J. O'Malley and H.W. McNell, as Co-Executors and Trustees under the Last Will and Testament of J.N. Harber, Deceased, and the Harber Foundation, a non-profit Arizona corporation, and Robert W. Pickrell, Attorney General of The State of Arizona, Appellants,
v.
The ESTATE OF Mary H. HARBER, Deceased, Appellee.
No. 8420.
Supreme Court of Arizona. En Banc.
December 17, 1965.
*323 Charles A. Stanecker, Evans, Kitchel & Jenckes, Darrell F. Smith, Atty. Gen., Robert W. Pickrell, former Atty. Gen., Jerry W. Lawson, Asst. Atty. Gen., Phoenix, for appellants.
Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank, Charles Crehore, Gerald K. Smith, Phoenix, Spurr & Steed, by J. Rex Spurr, Shawnee, Okl., for appellee.
CHARLES C. STIDHAM, Superior Court Judge:[*]
*324 The will of Dr. J.N. Harber was admitted to probate August 31, 1962. On February 26, 1963, his surviving spouse, Mary Helen Harber, filed a petition for determination of heirship. In it she alleged that a provision of the will was invalid and void because of uncertainty and indefiniteness as to the beneficiary, because it violated the rule against perpetuities, and because of the failure to vest the title of the property in
question in any qualified person or corporation.
This provision reads as follows:
"FIFTH: All the rest, residue and remainder of my property and estate, whatsoever and wheresoever situate, I give, devise and bequeath as follows, to wit:
"(a) If a charitable corporation or foundation dedicated primarily to medical research or related scientific subjects has been organized by me during my lifetime, or by the Executor or Trustee under the Will of MARY HARBER which charitable corporation or foundation qualifies as a tax-exempt charitable corporation or foundation under the provisions of the Federal Estate Tax Act, then and in that event, I give, devise and bequeath said rest, residue and remainder to said charitable corporation or foundation.
"(b) If such a charitable corporation or foundation has not been organized in my lifetime, then I direct my executors to cause such a corporation or foundation to be organized, to be known as the `HARBER FOUNDATION' and dedicated primarily to medical research or related scientific subjects, and I give, devise, and bequeath said rest, residue and remainder to said charitable corporation or foundation."
At the time fixed for hearing, appearance was made by the executors of Dr. Harber's will, and all others possibly interested were defaulted. Mrs. Harber died on March 6, 1963, and her executrix, Irene Foley, was substituted. After hearing arguments, the trial court held Article Fifth of the will "invalid and void" and determined that as to the property in question, Dr. Harber died intestate.
The Harber Foundation (organized after the entry of the trial court order) and the Attorney General of Arizona thereafter filed claims in the heirship proceedings. These were denied, and the executors have appealed from the order holding the provision "invalid and void". The Harber Foundation and the Attorney General have appealed from the above order, from the order denying their claims and petitions, and from the order denying the executor's motion to set aside the judgment and for a new trial.
Article Fifth of the will requires title to the property ultimately to vest in "a *325 charitable corporation or foundation dedicated primarily to medical research or related scientific subjects" which "qualifies as a tax-exempt charitable corporation or foundation under the provisions of the Federal Estate Tax Act." If not organized in the testator's lifetime, the executors are directed to organize "such a corporation or foundation." These directions are quite specific: It is to be "charitable"; it is to be "tax exempt charitable"; it is to be "dedicated primarily to medical research". It is common knowledge that "scientific subjects" play a basic role in medical research. The promotion of health is a charitable purpose. Hinson v. Smyer, 246 Ala. 644, 21 So.2d 825 (1945); Restatement, Trusts, 2d § 372; and 4 Scott on Trusts § 372 (2d Ed. 1956).
Wills are to be liberally construed so as to effectuate the intention of the testator. Newhall v. McGill, 69 Ariz. 259, 212 P.2d 764 (1949); In re Hayward's Estate, 65 Ariz. 228, 178 P.2d 547 (1947). In Hayward's Estate, supra, we said: "Our courts will effectuate the testator's general intent, but not to the extent of making a will for him." Id. at 235, 178 P.2d at 551.
We think it requires no flight of fancy to determine the testator's intent here. It requires no conjecture as to the means by which he intended his charity to be administered. To carry out the testator's intent requires no re-writing of his will. The bequest cannot reasonaby be said to be void for indefiniteness.
Mrs. Harber contended that this court's refusal to embrace the cy pres doctrine (In re Hayward's Estate, supra,) prevents the establishment of the trust attempted by Article Fifth of the will. We find that consideration of the cy pres doctrine is wholly unnecessary to resolve this case.
Moreover, the appointment of a trustee, if necessary, would not immerse the court in "cy pres type" activity. Taysum v. El Paso Nat. Bank, 256 S.W.2d 172 (Tex. Civ.App. 1953); Graff v. Wallace, 59 App. D.C. 64, 32 F.2d 960, cert. denied, 280 U.S. 579, 50 S.Ct. 32, 74 L.Ed. 629 (1929).
It is settled law that a valid trust will not be allowed to fail for lack of a trustee. Thus, Arizona provides that when a charitable trust exists without a designated trustee, the Attorney General shall be deemed a "person" for the purpose of seeking determination of heirship and entitled to distribution of the charitable trust. See, A.R.S. § 14-642, subsecs. D and E (1959).[1]
*326 However a direction that the executors shall obtain a charter makes them trustees of the trust fund until formal organization of the corporation or foundation. In re Daly's Estate, 208 Pa. 58, 57 A. 180 (1904); Also see Schouler on Wills, Executors and Administrators § 2074 (6th Ed. 1923). Thus the executors have standing in court upon the filing of a petition for determination of heirship such as this. They had specific duties to perform under the Article Fifth in question. Had they allowed the heirship petition to go by default it would have effectively prevented them from executing these duties, especially when in the position of trustee. Such action on their part would be a breach of their responsibilities. See, In re Balke's Estate, 68 Ariz. 373, 206 P.2d 732 (1949); Estate of Tamer, 20 Ariz. 228, 179 P. 643 (1919); In re Corotto, 125 Cal. App.2d 314, 270 P.2d 498 (1954); Bogert, Trusts and Trustees, § 581 (2d Ed. 1964). If the executors fail or refuse to act, the courts can and will do so. See O'Brien v. Bank of Douglas, 17 Ariz. 203, 149 P. 747 (1915).
The Foundation, and perhaps the Attorney General under certain circumstances, may be proper parties. However, under these circumstances, they are not necessary for the determination of heirship. The executors are here acting as trustees to perform their duties under the will.
The next issue concerns the vesting of title. The testator obviously intended that legal title vest in his executors until they had formed the corporation and that it then be set over to the corporation in the course of probate. We see no difficulties here with the rules against perpetuities. From the moment of his death, the beneficial ownership of his residuary estate lay in a portion of the general public. See Bogert, supra at § 344; Scott on Trusts, supra at § 401.8; Restatement, Trusts 2d § 401(j). In referring to a situation such as we have here, Bogert, supra, at § 344, says:
"* * * If there has been the slightest basis for so doing, the courts have decreed that the settlor intended a single trust for charity, to start at the time his deed or will became effective, to be administered by his executor or trustee until the incorporation occurred, and then to be turned over to the newly formed corporation for execution. Such construction of the settlor's desires avoids all remote vesting problems. The fund is vested in trustees for charity at once. The equitable interest immediately passes to the portion of the community to be benefited and *327 remains there indefinitely. The incorporation has no more significance than would the substitution of a new trustee. If the incorporation never occurs, chancery can exercise its well-recognized power to alter terms as to charitable trust administration and continue the original method of execution or substitute another. The extremely liberal and sympathetic construction given to these gifts obviates the necessity of making any exception to the rule against remoteness."
We hold that the provision in question was not invalid and void, that a valid bequest was in fact made, and that Mrs. Harber's claim in her petition for determination of heirship should have been denied.
Appellee has pointed out that a federal estate tax or federal income taxes may be assessed against the portion of the estate involved or against any corporation or foundation formed under the will. The point raised is that the likelihood of these facts renders it impossible to carry out the testator's directions as to a "tax exempt charitable corporation or foundation which qualifies as a tax-exempt charitable corporation or foundation under the provisions of the Federal Estate Tax Act." The reason advanced for the potential taxes is the testator's use of the word "primarily" in describing the nature of the activities of the corporation. The Internal Revenue Code requires a tax exempt corporation to be "exclusively" charitable. Int.Rev.Code of 1954 § 2055(a) (2). The testator's clear intent is that the entire and exclusive use of his residuary estate was for charitable purposes. His use of the word "primarily" does not apply to his charitable intent. It applies solely to the allowance of some judgment or choice between "medical research or other related scientific subjects."
In view of our holding, above, we do not consider it necessary to touch upon the matters raised by the appeals of the Harber Foundation and the Attorney General. The cause is reversed and remanded for further proceedings in conformity herewith.
LOCKWOOD, C.J., STRUCKMEYER, V.C.J., and BERNSTEIN and UDALL, JJ., concur.
NOTES
[*] Justice Ernest W. McFarland having disqualified himself, The Honorable Charles C. Stidham, Judge of the Superior Court, was called in to sit in his stead and participate in the determination of this case.
[1] A.R.S. § 14-642, subsec. D. "Any person may appear and file a written statement setting forth his interest in the estate. * * *"

A.R.S. § 14-642, subsec. E. "Whenever any estate involves a charitable trust, other than a charitable trust with a designated trustee who may lawfully accept such trust, or an escheat to the state of Arizona, the attorney general shall be deemed to be a person entitled to distribution within the meaning of this section and shall be entitled to file the petition referred to in this article. As amended Laws 1959, Ch. 78, § 2."