523 P.2d 1346

**FARMERS AND MERCHANTS BANK,**
Plaintiff-Appellee,

v.

**Dale WOOLF, Administrator with Will Annexed of the Estate of Gordon Vance Jones, Deceased, Defendant-Appellant.**

**No. 9830.**

Supreme Court of New Mexico.

July 3, 1974.

George A. Graham, Jr., Truth or Consequences, for defendant-appellant.

R. C. Garland, Las Cruces, John L. Hill, Atty. Gen. of Tex., Martha Smiley, Asst. Atty. Gen., Austin, Tex., for plaintiff-appellee.

## OPINION

MONTOYA, Justice.

The plaintiff-trustee (trustee), Farmers and Merchants Bank of Las Cruces, New Mexico, filed this action for declaratory judgment to determine the rights of the parties involved in a trust estate. From a judgment awarding the balance of the trust estate of Mabel Evelyn Jones (testatrix) to the Alcoholics Foundation of San Antonio, Texas (Foundation), Dale Woolf (Woolf), the administrator with will annexed of the estate of Gordon Vance Jones brings this appeal.

The testatrix was a resident and domiciliary of Tucson, Arizona, at the time of her death in September 1969. After making specific bequests to named beneficiaries, her will provided in part:

"VI.

"All the rest, residue and remainder of my estate, whatsoever kind and nature and wheresoever situate I give, devise and bequeath unto FARMERS and MERCHANTS BANK of Las Cruces, New Mexico, to be held in trust upon the terms and conditions hereinafter set forth.

"(A). My trustee shall pay over and distribute to my brother, GORDON VANCE JONES of Williamsburg, New Mexico, any and all monies as he may request, from time to time, for any needs he may have including but not limited to medical expenses of any and all kinds, including doctors, drugs and hospital bills; personal needs including but not limited to groceries, clothes, current bills, maintenance of a home, auto expense or any other needs that he may have, including expense of his last illness, funeral and burial expenses. Said Trustee in no way to be accountable for said disbursements.

" *  *  *.

"(D). Upon the death of my brother, GORDON VANCE JONES, whatsoever shall remain in trust, I hereby give and bequeath to ALCOHOLICS ANONYMOUS of San Antonio, Texas. I hereby direct and request that said ALCOHOLICS ANONYMOUS use one-half of said residue for the construction of buildings and/or furnishing of living quarters used for rehabilitating persons using their services, and the remaining one-half as the organization so desires.

" *  *  *."

In November 1970, Gordon Vance Jones died. He was the sole and only heir at law of the testatrix. Woolf was appointed administrator with will annexed of his estate.

The trial court found that Alcoholics Anonymous was an unincorporated association located in the State of Texas, having no legal entity or authority to receive gifts and bequests and, therefore, incapable of accepting the bequest of the testatrix.

In September 1971, the Foundation was organized as a charitable entity pursuant to the laws of the State of Texas. The trial court found that by the terms of its trust agreement the Foundation was established for the exclusive purpose of establishing and maintaining charitable rehabilitation centers for persons unable to consume alcoholic beverages in moderation. The court further found that the expressed purpose of the last will and testament of the testatrix was to create a charitable trust for the benefit and rehabilitation of alcoholics, and that there is no public policy or general rule of law preventing the carrying out of this expressed desire of the testatrix and, therefore, that the doctrine of cy pres or approximation applied to the case. It further found that the bequest had not lapsed, that the Foundation was the legal entity approximating the fulfillment of the expressed desires of the will of the testatrix and, accordingly, the Foundation was entitled to receive the remainder of the assets held by the trustee.

Appellant Woolf, under four points, contends the court erred as follows: (1) In holding that the law of the domicile of the testatrix (Arizona) was not controlling as to the disposition of her estate, which consisted entirely of personal property; (2) in ruling that the testatrix made a charitable gift and that the doctrine of cy pres was applicable to such gift; (3) that the actions of Woolf amounted to a contest of the will of testatrix and, therefore, violated the "in terrorem" clause of testatrix's will; (4) in determining that the Foundation was a duly organized charitable entity under the laws of the State of Texas and legally capable of receiving gifts and bequests, and which was created to aid the court to carry out the intentions of testatrix as set out in her will.

We first consider which law governs the disposition of the trust property. The testatrix was domiciled in Arizona and the main probate proceeding was held there. Ancillary probate proceedings were completed by the Dona Ana County Pro-

bate Court, since the funds involved in the trust were in the custody of the trustee in New Mexico. The legatee of the trust property is organized under the laws of the State of Texas, and the administration of the trust will also be in the State of Texas.

Under Restatement, Second, Conflict of Laws, Ch. 10 Trusts, § 269 at 152–153, it is stated:

"§ 269. Validity of Trust of Movables Created by Will

"The validity of a trust of interests in movables created by will is determined

"(a) as to matters that affect the validity of the will as a testamentary disposition, by the law that would be applied by the courts of the state of the testator's domicil at death, and

"(b) as to matters that affect only the validity of the trust provisions, except when the provision is invalid under the strong public policy of the state of the testator's domicil at death,

"(i) by the local law of the state designated by the testator to govern the validity of the trust, provided that this state has a substantial relation to the trust, or

"(ii) if there is no such effective designation, by the local law of the state of the testator's domicil at death, except that the local law of the state where the trust is to be administered will be applied if application of this law is necessary to sustain the validity of the trust."

Since the testatrix did not designate what law was to govern the validity of the trust, the provisions of § 269(b)(ii), supra, would apply. In the commentary to the foregoing section in Restatement, supra, the following appears in comment (h) at 157:

"h. Charitable trusts. In the case of charitable trusts, the courts have been even more ready than in the case of private trusts to uphold the trust if valid under the local law of the state of administration, even though the trust would be invalid under the local law of the testator's domicil. * * *

"When a testator bequeaths movables to be administered for charitable purposes in a state other than that of his domicil, the disposition is valid if valid under the local law of the state of administration, even though it would be invalid under the local law of the state of the testator's domicil. * * *"

In Fletcher v. Safe Deposit & Trust Co., 193 Md. 400, 410–411, 67 A.2d 386, 390 (Ct.App.1949), in considering the question of the applicable law to determine the validity of a trust estate, the court stated:

"The general rule is that the validity of a will of movables, or of a trust of movables created by will, is determined by the law of the testator's domicile. Restatement, Conflict of Laws, §§ 295, 306. 'However, where a trust is to be administered in a state other than that of the domicile, but is by the domiciliary law invalid from the outset under a rule grounded in a feeling that the administration of such a trust would be difficult or against the policy of the domicile, if such objections do not prevail at the place of administration the courts of the domicile will hold the trust valid.' [Citations omitted.]"

See also 16 Am.Jur.2d Conflict of Laws, § 59 at 92–93.

Accordingly, we hold that the trial court did not err as claimed by Woolf under his first point.

We next discuss the contentions that no charitable gift was made and that the court erred in holding the cy pres doctrine was applicable. We also consider the contention that the Foundation was a duly organized charitable entity capable of receiving the bequest in question. The trial court concluded:

"* * *.

"7. That Alcoholics Anonymous of San Antonio, Texas, is incapable of receiving the bequests contained in the

Last Will and Testament of Mabel Evelyn Jones, deceased.

"8. That Alcoholics Foundation of San Antonio, Texas, is a legally created entity capable of receiving gifts and bequests.

" * * *.

"12. The *cy pres* doctrine as it existed in England is applicable to the present proceeding.

" * * *.

"15. Alcoholics Foundation of San Antonio, Texas, was founded, created and established to aid the Court to ascertain and carry out, as nearly as may be, the intention of Mabel Evelyn Jones in her Last Will and Testament and Codicil thereto.

" * * *."

Specifically answering the question as to whether the bequest was a charitable one, in Santa Fe Lodge No. 460 v. Employment Security Com'n, 49 N.M. 149, 154, 159 P.2d 312, 315 (1945), we said:

> " 'A charity, in the legal sense, may be more fully defined as a gift, to be applied consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their minds or hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves in life, or by erecting or maintaining public buildings or works or otherwise lessening the burdens of government.' "

This above quoted definition of a charity given by Mr. Justice Gray in Jackson v. Phillips, 14 Allen (96 Mass.) 539 (1867), was also quoted with approval by the Texas Supreme Court when considering the validity of a charitable trust in the case of Boyd v. Frost Nat. Bank, 145 Tex. 206, 196 S.W.2d 497, 502 (1946).

Then in the case of In re Mills' Will, 57 N.M. 577, 580, 260 P.2d 1111, 1113 (1953), in upholding a charitable bequest to "deformed and crippled children" we said:

" '* * *. The primary duty of a court is to ascertain the desire of the testator, as he has expressed it, and to carry it to fulfillment unless public policy or general rules of law imposes a prohibition. * * *' "

■ With respect to the cy pres doctrine and its applicability in the State of Texas, the acceptance of the cy pres doctrine or the doctrine of approximation was discussed in Jones' Unknown Heirs v. Dorchester, 224 S.W. 596, 604–605 (Tex. Civ.App.1920), where the court stated:

> " * * *. One feature of the cy pres powers of courts in relation to devises and trusts, or as it is sometimes exercised by courts of equity in the United States, under the doctrine of approximation, is the power by liberal rules of construction and interpretation to enforce a trust for a designated and specific purpose, though created in general terms, and enforce it within the limits of such purpose expressed in the instrument.

> "In the early case in Texas the cy pres rule as recognized by the English courts was not in terms approved, but the courts of this state exercise an original and inherent jurisdiction over charities upon the principles of the statutes and in obedience to the doctrine of approximation. Where the purpose of a charitable trust is distinctly declared and trustees are appointed by the will to carry out the intention of the testator, and the beneficiaries may be ascertained, it is not void on the ground of being too indefinite and uncertain to be administered by a court of equity. [Citations omitted.] The rule that a charity will not be permitted to fail by reason of something occurring after the trust is declared which reduced the fund in contemplation by the grantor at the time of its creation is sustained in other jurisdictions by the great weight of authority. [Citations omitted.] * * *."

■■ Next we consider whether Alcoholics Foundation of San Antonio, Texas, was a legally organized charitable entity

and legally capable of receiving the bequest in question. The testatrix named Alcoholics Anonymous of San Antonio, Texas, as the legatee to carry out the charitable purposes stated in her will. The trial court correctly found that Alcoholics Anonymous was only an association in the State of Texas, was not a legal entity and had no authority to receive the bequest. The question next arises is whether the legacy should then lapse. We believe that the application of the doctrine of cy pres or approximation prevents that. Again, applying the law of the State of Texas, we find support for the trial court's action in ruling that the Foundation was legally capable of accepting the bequest. In Taysum v. El Paso Nat. Bank, 256 S.W.2d 172, 176 (Tex.Civ.App.1952), the court, in considering among other things whether a trust would fail for lack of a trustee when a public charitable trust was created by a will, said:

"It is a general rule of equity that a trust will not fail for lack of a trustee; if a trustee be named and refuses to act or the instrument attempting to create a trust fails to name a trustee, the court will appoint a trustee to carry out the manifest intent of the settlor. [Citations omitted.] This being the case it is not deemed absolutely essential to determine whether or not Lenz and Best were named as trustees. A public charitable trust will not lapse through the failure of an enforcement medium. [Citation omitted.]

"In our opinion the will manifests an intention to create a public charitable trust, that any other construction would thwart the intention of the testatrix."

The foregoing also answers the contention that the bequest lapsed because the Foundation was not in existence at the date the provisions of the will of the testatrix were to take effect. The action of the trial court in applying the cy pres doctrine and preventing the lapse of the bequest does not offend the public policy of the State of Arizona, even though we have held that Texas law is to be applied, and neither does it run counter to the public policy in either New Mexico or Texas. The Arizona Supreme Court in the case of In re Estate of Harber, 99 Ariz. 323, 326, 409 P.2d 31, 33 (1965), said:

"Wills are to be liberally construed so as to effectuate the intention of the testator. [Citations omitted.] * * *."

In dealing with charitable bequests, the Arizona Court of Appeals, in the case of In re Estate of Daley, 6 Ariz.App. 443, 448, 433 P.2d 296, 301, (Ct.App.1967), said the following:

"Charitable bequests are upheld when the charitable purposes of the decedent can be carried out, even where technical defects exist. [Citations omitted.] * * *."

Furthermore, a review of the stated purposes of Alcoholics Anonymous and the Foundation indicates that their aims were to serve alcoholics, to help them stay sober, and to help others achieve sobriety through care and treatment of those persons unable to consume alcoholic beverages in moderation.

The cases cited by Woolf in support of his contentions are distinguishable and not applicable in principle to the facts in this case, as there is no mixed bequest which would enable the trustee to apply the bequest to other than charitable purposes.

Here we have a bequest made directly to a charity, which was incapable of accepting the gift, and the application of the cy pres doctrine, or that of approximation, effectuates the intent of the testatrix and the funds should be made available to the trustee of the Foundation to be used in furtherance of their charitable purposes. If there is any failure to do so, the Attorney General of Texas is charged with the responsibility under Texas law of stepping in and asking the courts for proper relief. Coffee v. William Marsh Rice University, 403 S.W.2d 340 (Tex.1966).

Because of the disposition we have made, it is deemed unnecessary to consider

the effect of the "in terrorem" clause in the will.

Accordingly, in view of all of the foregoing, the judgment of the trial court is affirmed.

It is so ordered.

McMANUS, C. J., and OMAN, J., concur.